Nicholas J. Henderson, OSB #074027
nhenderson@portlaw.com
MOTSCHENBACHER & BLATTNER, LLP
117 SW Taylor St., Suite 200
Portland, OR 97204
Telephone: (503) 417-0500
Facsimile: (503) 417-0501

UNITED STATES BANKRUPTCY COURT

DISTRICT OF OREGON

| | |
|---|---|
| In Re:<br><br>THREE J'S DISTRIBUTING, INC.<br><br>Debtors. | Case No. 18-32288-pcm7<br><br>OBJECTION TO MOTION AND NOTICE OF INTENT TO SETTLE AND COMPROMISE |

## INTRODUCTION

Dominguez Family Enterprises, Inc. ("*DFE*") hereby objects to the Motion and Notice of Intent to Settle and Compromise Adversary Proceeding 20-3063 and Order Thereon [Doc. #121] (the "*Settlement Motion*") filed by Rodolfo A. Camacho, Chapter 7 Trustee (the "*Trustee*"). The Settlement Motion pertains to a preference avoidance action brought by the Trustee under 11 U.S.C. §§ 547 and 550 against Farmer Bros. Co. ("*Farmer Bros.*"), to avoid Farmer Bros.'s judgment lien against Debtor's real property, which was obtained during the 90-day preference period. The Settlement Motion seeks to settle the preference action by (1) allowing Farmer Bros. to retain its judgment lien against Debtor's real property in a limited amount of $75,000, and (2) providing that Farmer Bros. shall have an allowed secured claim in the amount of $75,000. Settlement Motion, at p. 2.

MOTSCHENBACHER & BLATTNER LLP
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

DFE believes that the preference action brought by the Trustee is meritorious, and should be litigated to its conclusion. DFE further believes that the cost to litigate the preference action, given the narrow defense asserted by Farmer Bros. (as described in the Settlement Motion) will be significantly less than the $75,000 benefit Farmer Bros. will receive if the Settlement Motion is approved. As a result, DFE believes that it, along with other unsecured creditors, will receive a small distribution from the estate than would otherwise be available if the Trustee successfully litigated the preference action. Furthermore, the Settlement Motion does not provide sufficient information for the Court to evaluate the proposed settlement under the Ninth Circuit's standard for approval of such a motion under Fed. R. Bankr. Proc. 9019. DFE asserts that the settlement-approval standard cannot be satisfied in this case, and the Court should deny the Settlement Motion. The Debtor asserts the following in support of this Objection:

**BACKGROUND**

1. On June 27, 2018, a judgment was entered in the principal amount of $866,219.72 against the Debtor Three J's Distributing, Inc. (the "***Debtor***") in the matter titled *Farmer Bros. Co. v. Three J's Distributing, Inc.*, Clackamas County Circuit Court Case No. 18CV17542. Upon entry of the Judgment, a judgment lien was imposed by operation of law on all of Debtor's real property in Clackamas County, Oregon.

2. Two days later, on June 29, 2018 (the "***Petition Date***"), three creditors, including Farmer Bros., filed an involuntary petition for relief under Chapter 7 of the Bankruptcy Code.

3. On June 11, 2019, the Trustee filed a Notice of Intent to Sell Property at Private Sale, Compensate Real Estate Broker, and/or Pay any Secured Creditor's Fees and Costs [ECF No. 99] (the "***Notice of Sale***"). The Notice of Sale indicated that the Trustee intended to sell Debtor's real property at 9812 SE Elon Street, Clackamas, OR 97015 for $605,000, of which $406,000

Page 2 of 5  OBJECTION TO MOTION AND NOTICE OF INTENT TO SETTLE AND COMPROMISE

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

{00388903:1}

Case 18-32288-pcm7    Doc 123    Filed 09/14/20

would be paid to Farmer Bros. *Id.* The transaction contemplated by the Notice of Sale apparently fell through, as the sale did not close, and the real property is still property of the estate.

4. On June 11, 2020, the Trustee filed an adversary proceeding entitled Rodolfo A. Camacho, Trustee v. Farmer Bros. Co., Adv. Proc. No. 20-3063-pcm (the "***Adversary Proceeding***"). The Trustee's complaint in the Adversary Proceeding seeks to avoid, pursuant to 11 U.S.C. §§ 547 and 550, the Farmer Bros.' judgment lien against the Debtor's real property.

5. On August 19, 2020, the Trustee filed the Settlement Motion, seeking to compromise the claims advanced in the Adversary Proceeding, and seeking authority to 1) let Farmer Bros. retain a lien for $75,000, and 2) give Farmer Bros. an allowed claim of $75,000. The Settlement Motion indicates that Farmer Bros. believes that the Notice of Sale created a binding agreement for payment from the estate to Farmer Bros. for $406,000. The Settlement Motion also indicates that the Trustee disputes the defenses asserted by Farmer Bros.

**ARGUMENT**

**A. The Standard for Approval of a Compromise.**

Fed. R. Bankr. P. 9019(a) provides that the court may approve a settlement or compromise on motion by the trustee. The Trustee, as the party proposing the compromise, has the burden to show that the compromise is fair and equitable and should be approved. *In re A&C Properties*, 784 F.2d 1377, 1381 (9th Cir. 1986), *cert. denied sum nom, Martin v. Robinson*, 479 U.S. 854, 107 S.Ct. 189, 93 L.Ed.2d 122 (1986). While the Bankruptcy Court has great latitude in approving compromise agreements, the Court's discretion is not unlimited. *Id.* at 1380-81. In considering whether to approve a compromise, the court must consider:

> "(a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and

Page 3 of 5 OBJECTION TO MOTION AND NOTICE OF INTENT TO SETTLE AND COMPROMISE

{00388903:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-32288-pcm7    Doc 123    Filed 09/14/20

(d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."

*In re Woodson*, 839 F.2d 610, 620 (*quoting A&C Properties*, 784 F.2d at 1381).

It is clearly not sufficient for a trustee's Rule 9019 motions

to do little more than recite the trustee's belief that the proposed settlement is fair and offer a general statement that the [applicable] factors are met. Trustees must do more than parrot the standards or announce that they are satisfied. Their burden is to 'persuade the bankruptcy court that the compromise is fair and equitable and should be approved. . . . Thus, they must present a cogent and detailed factual explanation, discussing how the factors apply to the specific litigation and proposed settlement.

*In re Olson*, 2006 WL 2433448 at 2, n.8 (Bankr. D. Idaho 2006).

At a minimum, in order for a Bankruptcy Court to approve a settlement, the Motion must constitute "a sufficient factual record which the court may make an informed and independent judgment." *Protective Committee for Independent Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424, 425 (1968). The Trustee has not satisfied this requirement here.

The Settlement Motion does not provide any information from which the Court can evaluate whether the proposed settlement is fair and equitable under the circumstances. Other than a vague recitation of the claims and defenses asserted, and the settlement offer proposed, the Settlement Motion lacks information the viability of the defenses, the narrow scope of the dispute (i.e., the viability of Farmer Bros.' defense), the amount of discovery required, if any, to complete the litigation, or the projected cost involved in litigating the narrow issues described. The Settlement Motion does not discuss the merits of the defense asserted by Farmer Bros., other than to say that it is disputed by the Trustee. Also, the Settlement Motion does not discuss the Trustee's likelihood of prevailing on the merits of the preference action. For these reasons alone, the Settlement Motion should be denied.

**CONCLUSION**

Page 4 of 5 OBJECTION TO MOTION AND NOTICE OF INTENT TO SETTLE AND COMPROMISE

{00388903:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-32288-pcm7    Doc 123    Filed 09/14/20

The Settlement Motion does not provide sufficient information on the record for the Court to approve the proposed settlement. As a result, the Settlement Motion should be denied.

DATED: September 11, 2020.

MOTSCHENBACHER & BLATTNER, LLP

/s/ Nicholas J. Henderson
Nicholas J. Henderson, OSB #074027
Attorney for Dominguez Family Enterprises, Inc.

Page 5 of 5 OBJECTION TO MOTION AND NOTICE OF INTENT TO SETTLE AND COMPROMISE

{00388903:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-32288-pcm7    Doc 123    Filed 09/14/20

# CERTIFICATE OF SERVICE

       I hereby certify that on September 14, 2020, I served the foregoing OBJECTION TO TRUSTEE'S MOTION AND NOTICE OF INTENT TO SETTLE AND COMPROMISE on the following through the Court's CM/ECF electronic notice processes:

- TIMOTHY J CONWAY    tim.conway@tonkon.com, candace.duncan@tonkon.com;spencer.fisher@tonkon.com;leslie.hurd@tonkon.com
- DAVID W CRISWELL    criswelld@lanepowell.com, docketing-PDX@Lanepowell.com;holleym@lanepowell.com
- Rodolfo A Camacho    rudy.camacho@gmail.com, ecf.alert+rudycamacho@titlexi.com;lawknut@comcast.net
- ERICH M PAETSCH    epaetsch@sglaw.com, ktate@sglaw.com
- JONATHAN M RADMACHER    jonathanr@mcewengisvold.com, docketing@mcewengisvold.com;lisac@mcewengisvold.com
- PAUL M. ROSENBLATT    prosenblatt@kilpatricktownsend.com, sagreen@kilpatricktownsend.com;mwilliams@kilpatricktownsend.com
- SHAWN P RYAN    shawn@sryanlaw.com, lynette@sryanlaw.com
- THOMAS W STILLEY    tom@sussmanshank.com, jhume@sussmanshank.com,ecf.thomas.stilley@sussmanshank.com;thomas-stilley-7866@ecf.pacerpro.com
- BRAD T SUMMERS    summerst@lanepowell.com, docketing-pdx@lanepowell.com;holleym@lanepowell.com
- US Trustee, Portland    USTPRegion18.PL.ECF@usdoj.gov

       I further certify that I served the foregoing OBJECTION TO TRUSTEE'S MOTION AND NOTICE OF INTENT TO SETTLE AND COMPROMISE on the following by First Class Mail, postage prepaid:

| | | |
|---|---|---|
| Bennington & Moshofsky PC<br>4800 SW Griffith Dr #350<br>Beaverton, OR 97005 | EBONEY COBB<br>Perdue Brandon Fielder et al<br>500 E Border St #640<br>Arlington, TX 76010 | Jorge Hasbun<br>9725 SW Beaverton-Hillsdale<br>#120<br>Beaverton, OR 97005 |
| The Kroger Co<br>Law Department<br>Attn Kyle Grubbs<br>1014 Vine St<br>Cincinnati, OH 45202 | B SCOTT WHIPPLE<br>Whipple Law Office, LLC<br>1675 SW Marlow Ave., Suite 201<br>Portland, OR 97225 | |

DATED: September 14, 2020               MOTSCHENBACHER & BLATTNER, LLP

                                              /s/ Nicholas J. Henderson
                                              Nicholas J. Henderson, OSB #074027
                                              Of Attorneys for Debtor

Page 1 of 1    OBJECTION TO MOTION AND NOTICE OF INTENT TO SETTLE AND COMPROMISE

{00388903:1}

**MOTSCHENBACHER & BLATTNER LLP**
117 SW Taylor Street, Suite 300
Portland, Oregon 97204
Phone: 503-417-0500
Fax: 503-417-0501
www.portlaw.com

Case 18-32288-pcm7    Doc 123    Filed 09/14/20